IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD CHIARAVALLE, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KILOLO KIJAKAZI, )<br>Acting Commissioner of Social Security, )<br>)<br>Defendant. ) | Civil Action No. 22-1564 |

O R D E R

AND NOW, this 26th day of October, 2023, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, and his claim for supplemental security income benefits under Subchapter XVI of the Act, 42 U.S.C. § 1381 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.   *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may

1

neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff, Ronald Chiaravalle, Jr., appeals the administrative law judge ("ALJ")'s denial of disability insurance benefits and supplemental security income. He claims the ALJ erred for two reasons: (1) the ALJ's crafted residual functional capacity ("RFC") is not supported by substantial evidence because the ALJ did not provide adequate explanations for the postural and manipulative limitations; and (2) the ALJ's assessment of the vocational evidence presented at the hearing is not supported by substantial evidence because it rests on an inaccurate RFC and does not provide jobs existing in significant numbers in the national economy. (Doc. No. 13). Naturally, the Commissioner disagrees and urges this Court to affirm the ALJ's decision. (Doc No. 16). For the following reasons, the Court will affirm the ALJ's decision.

Plaintiff argues first that the ALJ's RFC finding is not supported by adequate explanation as to the following limitations:

- Frequent stooping, kneeling, and crouching;
- Crawling occasionally;
- Occasional reaching with the left upper extremity, occasionally in all directions;
- Avoiding more than occasional exposure to vibration;
- Engaging in frequent reaching, handling, fingering, and feeling with the right upper extremity.

(R. 20-21; Doc No. 13 at 12). Plaintiff posits that "occasional" is defined as very little to one-third of the time and "frequent" is one-third to two-thirds of the time and that the record evidence does not support these limitations. (Doc. No. 13 at 12-14 (citing SSR 83-10)). Specifically, Plaintiff argues that the ALJ failed to account for record evidence of his three left shoulder surgeries, removal of hardware, extensive treatment for the infections that developed in his left shoulder, and his testimony that his left arm and shoulder are stiff and that he cannot reach in front of himself or overhead at all with his left arm. (Doc. No. 13 at 13). Plaintiff further states that the ALJ overlooked the symptoms and impairment due to his right elbow epicondylitis and his experiences with numbness in his right upper extremity. (*Id.* at 13-14). Plaintiff also points out that the ALJ overlooked his lumbar spine severe impairment and lumbar radiculopathy that began after an accident with a tractor. (*Id.* at 7). In sum, Plaintiff contends that this record evidence is inconsistent with the ALJ's RFC findings regarding his postural and handling limitations.

At the outset, the Court notes that a claimant's RFC is the most that an individual can do despite his or her limitations. *See* 20 C.F.R. §§ 404.1527(d)(2), 404.1545(a), 416.927(d)(2), 416.945(a). The claimant's RFC is solely determined by the ALJ. *See id.*

2


at §§ 404.1527(d)(2), 404.1546(c), 416.927(d)(2), 416.946(c).  Of course, the RFC need not include every limitation alleged by the claimant.  *See Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005).  Indeed, the ALJ formulates the claimant's RFC by weighing the evidence as a whole, including medical records, medical source opinions, a claimant's subjective complaints, and descriptions of his or her own limitations.  *See* 20 C.F.R. §§ 404.1529, 404.1545, 416.929, 416.945.  "When making credibility findings, the ALJ must indicate which evidence he rejects and which he relies upon as the basis for his findings." *Salles v. Comm'r of Soc. Sec.*, 229 Fed. Appx. 140, 146 (3d Cir. 2007) (citing *Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 433 (3d Cir. 1999)).  The claimant's "allegations of pain and other subjective symptoms must be supported by objective medical evidence." *Salles*, 229 Fed. Appx. at 146 (citing 20 C.F.R. § 404.1529).  Moreover, "[l]imitations that are medically supported but are also contradicted by other evidence in the record may or may not be found credible—the ALJ can choose to credit portions of the existing evidence[.]"  *Rutherford*, 399 F.3d at 554.

In this case, after reviewing all the relevant evidence, the ALJ properly determined that Plaintiff required certain postural and handling limitations.  (R. 20-27).  In making these findings, the ALJ acted within his discretion in discrediting Plaintiff's testimony, noting, "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]"  (R. 21).  In support of this finding, the ALJ noted that the record "demonstrate[d] surgical intervention along with generally normal physical examinations."  (R. 22).  The ALJ considered and explained the many tests and findings regarding Plaintiff's lumbar spondylosis/radiculopathy and stenosis of the lumbar spine.  (R. 22-23).  Also discussed was Plaintiff's physical therapy examinations following surgery on his left shoulder to repair a massive rotator cuff tear and subsequent surgeries on his left shoulder.  (R. 23-24).  The ALJ, therefore, thoroughly considered the objective medical evidence in evaluating Plaintiff's testimony and in formulating the RFC.

Moreover, the ALJ's RFC finding was supported by the medical opinions of record; the ALJ evaluated and found generally persuasive the opinions of state agency consultants Drs. Bertolino and Warner.  (R. 26-27).  The ALJ found these opinions generally persuasive because they "generally account[ed] for the claimant's rotator cuff repair, left shoulder pain, and limited range of motion . . . [and they were] generally consistent with limitations caused by the claimant's degenerative disc disease[.]"  (R. 26).  These doctors both opined that Plaintiff was limited in left front and/or laterally along with overhead reaching.  (Exs. 1A/8, 2A/8, 5A/14, 6A/14).  Both Drs. Bertolino and Warner noted in their findings that Plaintiff could frequently stoop, kneel, and crouch; occasionally crawl; had unlimited ability to handle, finger, and feel; and they both recommended that Plaintiff avoid concentrated exposure to vibration.  (Exs. 1A/8-9, 2A/8-9, 5A/15-16, 6A/15-16).  It follows that the ALJ adopted Drs. Bertolino's and Warner's postural and handling

3

limitations after finding these opinions generally persuasive and rejecting the Plaintiff's testimony. The Court further notes that the ALJ's RFC finding as to the handling limitations (*i.e.*. the limitation that Plaintiff can engage in frequent reaching, handling, fingering, and feeling with the right upper extremity) is supported by Plaintiff's own Function Report, where he himself did not check the box showing that his conditions affected the use of his hands. (R. 368).

Accordingly, the ALJ acted within his discretion in formulating Plaintiff's RFC and included all "*credibly established limitations.*" *Rutherford*, 399 F.3d at 554 (emphasis in original). Additionally, Plaintiff does not point to any treating or consulting opinions contrary to the ALJ's RFC finding. Rather, Plaintiff relies on MRIs, records of his back treatment, and his own subjective complaints of pain and numbness in support of his argument. (Doc. No. 13 at 12-13). The Court declines to accept Plaintiff's offer to reweigh the evidence. *Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (citing *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)) (stating "[t]he court may neither reweigh the evidence, nor may we reverse the Secretary merely because we would have decided the claim differently."). For all of these reasons, Plaintiff's first issue on appeal is without merit.

For Plaintiff's second argument, he argues that the ALJ elicited the testimony of the vocational expert ("VE") pursuant to a hypothetical question that mirrored the alleged incomplete/inaccurate RFC determination. (Doc. No. 13 at 14-17). This argument can be "boil[ed] down to [an] attack[] on the RFC assessment itself." *Rutherford*, 399 F.3d at 554 n.8. The Court found no error or insufficiency of evidence in the ALJ's RFC determination; accordingly, this argument also fails.

Further, Plaintiff argues that the jobs identified by the VE as ones he could perform do not constitute a significant number of available jobs in the national economy. However, this argument rests on the flawed assumption that the ALJ adopted the limitation that Plaintiff had complete inability to use his left upper extremity for reaching in any direction. (Doc. No. 13 at 16). At the hearing, the ALJ posed a number of questions to the VE, including an added limitation that Plaintiff could not use his left arm for reaching. (R. 64-65). In response, the VE testified that this would reduce the number of security guard positions available, and would eliminate the furniture rental clerk and gate guard positions, but would allow for performance of a survey worker position. (R. 65-66). Plaintiff argues that the reduced number of security guard positions and the positions available for survey worker are not enough to meet the significant numbers in the national economy standard. (Doc. No. 13 at 16).

The Court rejects Plaintiff's argument because it is inapplicable. The ALJ did not adopt the RFC limitation that Plaintiff could not reach his left arm, but instead found that Plaintiff was capable of occasionally reaching with his left upper extremity. (R. 21).

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 12) is DENIED, and Defendant's Motion for Summary Judgment (Doc. No. 14) is GRANTED.

<div style="text-align: right;">
s/Alan N. Bloch
United States District Judge
</div>

ecf:        Counsel of record

---

Accordingly, the ALJ identified three jobs that Plaintiff could perform, furniture rental clerk, gate guard, and security guard, consistent with the VE's testimony as to a hypothetical individual with the limitations ultimately included in the RFC. (R. 28). These jobs combined to provide over 150,000 jobs available nationwide. (*Id.*). As Defendant correctly notes, this is more than sufficient to constitute "work which exists in significant numbers." 42 U.S.C. § 423(d)(2)(A); (Doc. No. 16 at 30) (citing *see Young v. Astrue*, 519 F. Appx. 769, 772 (3d Cir. 2003) (finding 20,000 jobs nationally sufficient to support a finding that work exists in significant numbers)). For this and the foregoing reasons, the Court will affirm the underlying decision.